IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CROWN POINT DENTAL
CARE, LLC, et al.,

    Plaintiffs,

v.

Case No. 2:08 CV 467

GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA, et al.,

JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KING

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (doc. 6).

### I.

Plaintiffs Crown Point Dental Care LLC and Razi Moshen (collectively, "Plaintiffs"), filed this lawsuit in the Common Pleas Court of Franklin County, Ohio, Case No. 08 CVC 4-5078, on April 4, 2008. Plaintiffs' complaint seeks damages arising out of the procurement and alleged breach of a long-term disability benefit plan issued by defendant Guardian Life Insurance Company of America to Crown Point Dental Care. Guardian removed the case to this court on May 15, 2008, asserting federal question jurisdiction based on the preemption provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs now move for remand to state court, contending that their claims do not relate to benefits under an employee benefit plan, and as such, the claims are not preempted or properly removable under ERISA.

## II.

ERISA preempts state laws that relate to employee benefit plans. ERISA §514(a), 29 U.S.C. §1144(a) (ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan."). An "employee benefit plan" includes "any plan, fund, or program ...established or maintained by an employer or an employee organization, or by both, to the extent such plan, fund or program was established or is maintained for the purpose of providing its participants . . . through the purchase of insurance or otherwise, (A) medical, surgical or hospital care, or benefits in the event of sickness, accident, disability. . . ." ERISA § 3(1), 29 U.S.C. §1002(1).

The parties do not dispute that the long-term disability policy issued by Guardian to plaintiff Crown Point Dental Care is an employee welfare benefit plan governed by ERISA, or that the individual plaintiff, Mr. Riazi, is a plan participant as defined by ERISA. ERISA § 3(7), 29 U.S.C. §1002(7). The parties dispute the scope of ERISA preemption. Plaintiffs' complaint contains eleven causes of action. Plaintiffs maintain that their claims arise under state law, without implicating an ERISA plan, because they allege breaches that occurred in the procurement of insurance coverage. Defendant asserts that Plaintiffs' claims for breach of contract, breach of the duty of good faith, and specific performance seek benefits under an ERISA plan, and as such, are preempted state claims properly removable to federal court.

"[T]he express preemption provisions of ERISA are deliberately expansive and designed to establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987). *See also Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504 (1981). "A state law may therefore be preempted 'even if the law is not specifically

2

designed to affect [plans governed by ERISA], or the effect is only indirect.'" *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 861 (6th Cir. 2007).

In the recent case of *Huisjack v. Medco Health Solutions, Inc.*, 492 F. Supp. 2d 839, 849 (S.D. Ohio 2007), Judge Frost analyzed whether and when certain state law claims are subject to ERISA preemption, and therefore removable.

> In the context of ERISA, in order to be completely preempted, and therefore removable to federal court, the state law claim must be capable of being characterized as an ERISA enforcement action under ERISA's civil enforcement provision, § 502(a). Taylor Chevrolet, 2007 U.S. Dist. LEXIS 35428, 2007 WL 1452618, at *4; *Sonoco Prods. Co., 338 F.3d at 371* (stating that "the civil enforcement provision 'completely preempts state law claims that come within its scope and converts these state claims into federal claims. . .'" (quoting *Darcangelo*, 292 F.3d at 187)). The removing party must prove that: "(1) the plaintiff . . . [has] standing under § 502(a) to pursue its claim; (2) its claim must 'fall [] within the scope of an ERISA provision that [it] can enforce via § 502(a)'; and (3) the claim must not be capable of resolution 'without an interpretation of the contract governed by federal law,' i.e., an ERISA-governed employee benefit plan." *Taylor Chevrolet*, 2007 U.S. Dist. LEXIS 35428, 2007 WL 1452618, at *4 (*quoting Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1487 (7th Cir. 1996)).

*Id.* Specific to this case, the Court explained:

> courts have repeatedly held that a breach of contract claim against an insurer arising out of a denial for benefits is essentially a claim for benefits under § 502(a)(1)(B) and should be characterized as such. *Ackerman*, 254 F. Supp. 2d at 818. Consequently, the claim is completely preempted and a federal court should allow the plaintiff to proceed without requiring the plaintiff to amend his or her complaint to explicitly state an ERISA claim. *Ackerman*, 254 F. Supp. 2d at 818 (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (stating "[w]hat would be the point of amending the complaint to make explicit what the district judge has held is the only possible interpretation of the document?"))
>
> Once a federal court has determined that § 502(a) governs that particular claim, the inquiry ends. *Ackerman*, 254 F. Supp. 2d at 816. The claim is actionable in federal court.

*Id.*

The facts underlying Plaintiffs' complaint and the relief sought by Plaintiffs make it clear that this case was properly removed to federal court. Plaintiffs allege that Guardian breached its

3

contract to provide them with disability insurance coverage, and they seek damages as a result of the alleged breach. Compl. at ¶59. The claim is "essentially a claim for benefits under § 502(a)(1)(B) and should be characterized as such." *Huisjack*, 492 F. Supp. 2d at 849. Whether Plaintiffs are entitled to additional benefits requires interpretation of a contract governed by federal law. Accordingly, Plaintiffs' state law claims against Guardian are preempted, and their claims for benefits are actionable in federal court and therefore removable.

### III.

For the foregoing reasons, Plaintiffs' Motion to Remand (doc. 6) is DENIED.

**IT IS SO ORDERED.**

10-24-2008
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**